# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GABRIEL CUEVAS-DIAZ,<br><br>Defendant | CASE NO. 1:16-CR-0203 AWI SKO<br><br>ORDER APPOINTING FEDERAL DEFENDER'S OFFICE REGARDING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 78) |

On December 8, 2020, Defendant Gabriel Cuevas-Diaz, appearing through counsel, moved to modify his prison sentence through 18 U.S.C. § 3582(c).  See Doc. No. 78.  The United States has filed an opposition, and Defendant has filed a reply.  For the reasons that follow, Defendant's motion will be denied.

*Background*

On December 11, 2017, Defendant pled guilty pursuant to a written plea agreement to a violation of 18 U.S.C. §§ 841(a)(1) and 846, conspiracy to distribute and to process with intent to distribute methamphetamine.

On November 5, 2018, Defendant was sentenced to 72 months imprisonment and 36 months of supervised release.

On December 8, 2020, Defendant filed this motion.

On January 19, 2021, Defendant's motion was reassigned to the undersigned.

Defendant is currently incarcerated in USP Atwater and has a projected release date of January 16, 2022.  Defendant transferred to USP Atwater on November 25, 2020.  Defendant has not filed a request for compassionate release with the Warden of USP Atwater.  Defendant is 31

years old and Latino. On August 13, 2020, Defendant tested positive for Covid 19. There is no indication that Defendant suffered any serious complications or has not otherwise fully recovered from Covid 19.

### *Defendant's Argument*

Defendant argues that he is at a high risk for getting Covid 19 a second time and that he is particularly at risk because he is Latino. Defendant argues that the conditions in prison are conducive to spreading Covid 19 and pose a danger to him. Defendant also argues that he has had no disciplinary incidents in prison and is not a danger to the community. Additionally, in reply, Defendant argues that the administrative exhaustion requirement should be excused because of the threat posed by Covid 19.

### *Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>       (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595.

### *Discussion*

After review, the Court will deny the motion for two reasons.

1       First, the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in
2  the context of Covid 19.  Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context
3  of an individual who did not wait 30 days from making a request for compassionate release before
4  moving for release in the federal court system, "Although the District Court's indicative ruling did
5  not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate
6  release at this point.").  The Ninth Circuit has held that "while judicially created exhaustion
7  requirements may be waived by the courts for discretionary reasons, statutorily-provided
8  exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of
9  discretion by the court."  Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir.
10 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019).  Consistent with *Gallo*
11 *Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of
12 California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived.  E.g.
13 United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.);
14 United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and
15 numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D.
16 Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4
17 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist.
18 LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.).  The failure to exhaust administrative
19 remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure.  See Gallo Cattle, 159 F.3d at
20 1197; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020);
21 United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020);
22 Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS
23 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.
24      There is a significant split among the district courts of this country regarding the proper
25 interpretation of the "lapse of 30 days" language of § 3582(c)(1)(A).  See United States v. Falaaga,
26 2020 U.S. Dist. LEXIS 159479, *6-*7 (E.D. Cal. Sept. 1, 2020) (and cases cited therein).  This
27 Court has adopted the interpretation of § 3582(c)(1)(A) that views the "lapse of 30 days" language
28 as creating a limited futility exception.  See id.; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-10

1 (agreeing with the reasoning of *Seng* and similar cases); United States v. Risley, 2020 U.S. Dist.
2 LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (same).  Under this view, if there is no response
3 within 30 days of submission of a request for compassionate release, a defendant at that point may
4 proceed to court without further administrative action, but, if there is a timely response, the 30 day
5 lapse language has no application and the defendant must follow the otherwise applicable
6 administrative procedures and appeal the denial.  See id.

7      Here, it is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).  See
8 Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10; United States v. Addison, 2020 U.S. Dist. LEXIS
9 143518, *4 (E.D. La. Aug. 11, 2020); United States v. Van Sickle, 2020 U.S. Dist. LEXIS 80854,
10 *9 (W.D. Wash. May 7, 2020) (and cases cited therein).  Defendant admits that he has not filed a
11 request for release with the Warden of Atwater.  Because Defendant admits that he has not even
12 begun to exhaust his administrative remedies, the Court must deny his motion.  See Gallo Cattle,
13 159 F.3d at 1197; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10-*11; Greenlove, 2020 U.S. Dist.
14 LEXIS 114624 at *15-*16; Howard, 2020 U.S. Dist. LEXIS 113268 at *5; Smith, 2020 U.S. Dist.
15 LEXIS 113423 at *16;  Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

16      Second, and in the alternative, even if the Court were to assume that it could waive the
17 failure to exhaust administrative remedies, the Court does not find that Defendant has
18 demonstrated that extraordinary and compelling reasons justify compassionate release.  Defendant
19 is 31 years old and has no condition or characteristic recognized by the CDC that would place him
20 "at risk" for severe infection or that even "might" place him at risk for severe infection.
21 Moreover, it is speculative that Defendant would get Covid 19 a second time or that he would
22 suffer a serious re-infection.  See United States v. Morales, 2020 U.S. Dist. LEXIS 202095,*6-*7
23 (E.D. Cal. Oct. 28, 2020).  If anything, the fact that Defendant appears to have suffered no
24 significant symptoms or complications from the August 2020 Covid 19 infection suggests that
25 Defendant would not suffer severe illness.

26      In sum, because Defendant has not shown that he has exhausted his administrative
27 remedies or that he faces extraordinary and compelling circumstances that justify compassionate
28 release, the Court will deny Defendant's § 3582(c)(1)(A) motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 78) is DENIED.

IT IS SO ORDERED.

Dated:  January 21, 2021                    _____
                                             SENIOR DISTRICT JUDGE